## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FRANCISCO M.A.,

Petitioner,

Civil No. 26-2032 (JRT/EMB)

v.

TODD BLANCHE, *Acting United States Attorney General*;[1]

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and

RYAN SHEA, *Sheriff of Freeborn County*,

Respondents.

Jason L. Schellack, **AUTISM ADVOCACY & LAW CENTER, LLC**, 901 North Third Street, Suite 120, Minneapolis, MN 55401, for Petitioner.

Carl Berry and David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

---

[1] On April 2, 2026, Todd Blanche became the Acting United States Attorney General, replacing Pamela Bondi. The Court therefore substitutes him as a respondent in his official capacity. Fed. R. Civ. P. 25(d).

David John Walker, **FREEBORN COUNTY ATTORNEY'S OFFICE**, Freeborn County Government Center, 411 South Broadway Avenue, Albert Lea, MN 56007, for Respondent Ryan Shea.

Petitioner Francisco M.A. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on March 23, 2026.  Francisco M.A. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully.  Because the Court concludes that Francisco M.A.'s detention is unlawful, the Court will grant his petition for writ of habeas corpus and order that he be released from custody.

**BACKGROUND**

Francisco M.A. is a citizen of Mexico and a resident of Rochester, Minnesota. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 13, Mar. 25, 2026, Docket No. 1.)  He has lived in the United States since May 2022, and he is not subject to a final order for removal.  (*Id.* ¶¶ 13–14.)  On March 23, 2026, ICE agents arrested Francisco M.A. in Rochester, Minnesota.  (*Id.* ¶ 16.)  He was taken into custody and transported to the Freeborn County Jail, where he is currently detained.  (*Id.*)

On March 25, 2026, Francisco M.A. filed a petition for writ of habeas corpus, challenging the lawfulness of his detention.  (Docket No. 1.)  That same day, the Court issued an order (1) enjoining Respondents from transferring Petitioner outside the District of Minnesota pending a ruling on his habeas petition or returning Petitioner to Minnesota if he had already been removed, and (2) directing Respondents to file an answer by March

-2-

27, 2026.  (Docket No. 3.)  Respondents timely filed responses (Docket Nos. 5 & 7) and Petitioner replied (Docket No. 8).[2]

**DISCUSSION**

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2).  Petitioner concedes that the Eighth Circuit's recent decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) forecloses his statutory arguments concerning the applicability of § 1225(b)(2), but he maintains that the warrant produced by Respondents was defective and that his continued detention violates his procedural due process rights under the Fifth Amendment of the United States Constitution.  After carefully reviewing the record and the parties' arguments, the Court finds it unnecessary to address Petitioner's due process claims because the Court concludes that Petitioner's detention is unlawful for two reasons.

**First**, Respondents did not arrest Petitioner under 8 U.S.C. § 1225(b)(2).  Indeed, until Francisco M.A. filed his habeas petition, Respondents represented that Francisco M.A. was not subject to mandatory detention under § 1225(b)(2) because they invoked

---

[2] On March 25, 2026, the Court ordered to Petitioner to file a reply, if any, by 5:00 p.m. on March 30, 2026.  Petitioner did not file his reply until 10:06 p.m. on March 30, 2026. Respondents ask the Court to "strike the Petitioner's late Reply Brief" because Petitioner's Reply was filed a few hours after the deadline set by the Court.  (Docket No. 9.)  Because Respondents have not suffered prejudice due to Petitioner's late filing and given the number of untimely responses filed by Respondents over the last four months, the Court rejects Respondents' request to reject or strike Petitioner's Reply Brief.  The Court's deadlines were imposed to ensure that Petitioner would not be unlawfully detained for longer than necessary, not to create barriers for Petitioner's counsel.

the discretionary detention provisions of 8 U.S.C. § 1226 in the Form I-200 administrative warrant.  The warrant was directed to: "Any immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations."  (Decl. of Ivan Sabin ("Sabin Decl.") ¶ 5, Ex. C, Mar. 27, 2026, Docket No. 6.)  Because Respondents represented to Petitioner that his arrest was based on § 1226(a), the Court will hold Respondents to those representations.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 970 (D. Minn. 2025).  The Court will therefore consider Petitioner subject to the discretionary detention framework set forth in 8 U.S.C. § 1226.

Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  In other words, to detain a noncitizen under § 1226(a), a warrant is required.  *See Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (citation omitted)).  The warrant, however, must be issued "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed."  8 C.F.R. § 236.1(b)(1).

Petitioner asserts that "at no point did Respondent ICE possess or present a warrant of any kind for Petitioner's arrest."  (Pet. ¶ 16.)  Respondents, however, have provided the Court with a Form I-200 administrative warrant dated March 23, 2026—the

same date as Petitioner's arrest.  (Sabin Decl. ¶ 5, Ex. C.)  The names of the officers that served and executed the warrant are redacted.  (*Id.*)  The warrant also states that officer who signed the warrant determined that probable cause existed for the warrant based upon "biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate" that the noncitizen is here unlawfully or is otherwise removable.  (*Id.*)

Based on the record before the Court, the Court finds that the warrant issued in this case is invalid because it appears that the warrant was either issued in the field or after Petitioner was arrested and detained.  The administrative warrant is dated the same day as Petitioner's detention, and because of the redactions, it is unclear whether the same officer both authorized and executed the warrant.  Additionally, Petitioner's biometric information could have only been confirmed after Petitioner had been taken into ICE's custody.  The Court is persuaded by the reasoning *Castañon Nava v. Department of Homeland Security*, that ICE lacks statutory and regulatory authority to engage in a policy of issuing Form I-200 warrants to collaterals in the field without the concurrent or prior issuance of a notice to appear (NTA).  806 F. Supp. 3d 823, 853–54 (N.D. Ill. 2025).  Because Respondents have not provided a corresponding NTA, the Court concludes that the warrant provided by Respondents is not valid.  *See, e.g.*, *Oliver M. v. Bondi*, Civ. No. 26-2003, slip op. at 7–8 (D. Minn. Apr. 3, 2026) (concluding that ICE lacked authority to

arrest petitioner based on a Form I-200 administrative warrant that was issued before the NTA).

**Second**, to the extent Petitioner qualifies as an "applicant for admission" and is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), *see Avila*, 170 F.4th at 1138, it does not follow that Petitioner can be arrested and detained pursuant to § 1225(b)(2) without first complying with 8 U.S.C. § 1357(a), which addresses federal immigration officials' authority to make warrantless arrests.  Under § 1357(a)(2), an immigration officer may "arrest any alien in the United States" without a warrant "if he has reason to believe that the alien . . . is in the United States in violation of any such law or regulation **and** is likely to escape before a warrant can be obtained for his arrest."  8 U.S.C. § 1357(a)(2) (emphasis added).  After the warrantless arrest is made, noncitizens "shall be taken without unnecessary delay for examination before an officer of the Service . . . to examine aliens as to their right to enter or remain in the United States." *Id.*  The Eighth Circuit has interpreted "the term 'reason to believe' in § 1357(a)(2) [to] mean[] constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

Although the record supports the inference that there was probable cause to believe that Petitioner was unlawfully present in the United States, the record is void of evidence that Petitioner was likely to escape before a **valid** warrant could be obtained and properly executed.  Just because a noncitizen is unlawfully present in the United

States does not mean that he or she is likely to escape. *See Ruben D.A.G. v. Blanche*, Civ. No. 26-2041, slip op. 9, at 8 (D. Minn. Apr. 20, 2026) ("Anyone without a lawful presence does not immediately present a likelihood of escape merely by being a noncitizen."). To hold that a noncitizen is likely to escape merely because they are removable would effectively collapse § 1357(a)(2)'s two distinct requirements into one: Section 1357(a)(2) requires that the officer must have "reason to believe" that (1) the noncitizen is in the United States illegally **and** (2) the noncitizen is "likely to escape before a warrant can be obtained for his arrest." If every noncitizen that is here illegally is presumed likely to escape authorities, then § 1357(a)(2)'s second, independent requirement is rendered superfluous. *See Corley v. United States*, 556 U.S. 303, 314, (2009) ("[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]"). Respondents make no effort to justify Petitioner's arrest under 8 U.S.C. § 1357(a). Because Respondents have not shown that Petitioner was likely to escape, they failed to comply with 8 U.S.C. § 1357—the requirement for arresting a noncitizen without a warrant. Respondents, therefore, improperly arrested and detained Petitioner under 8 U.S.C. § 1225(b)(2).

In sum, the Court concludes that Petitioner's detention is unlawful. Respondents represented to Petitioner in the Form I-200 administrative warrant that he was being arrested and detained under 8 U.S.C. § 1226, which requires a warrant. Because the warrant presented by Respondents is invalid, Petitioner cannot be legally detained under

§ 1226. But even if Respondent is detained under 8 U.S.C. § 1225(b)(2)—which may not require a warrant—Respondents have failed to show that the warrantless arrest was justified under 8 U.S.C. § 1357.

The Court therefore turns to the proper remedy. Because ICE failed to comply with federal immigration law when arresting and detaining Petitioner and Respondents have not justified Petitioner's continued detention, release is the proper remedy. *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Francisco M.A.'s petition for writ of habeas corpus and order that he be released from custody.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Francisco M.A.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

-9-

b.  Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

c.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on May 8, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2.  Todd Blanche is now the Acting United States Attorney General, replacing Pamela Bondi.  The Court therefore substitutes him as a respondent in his official capacity under Rule 25(d) of the Federal Rules of Civil Procedure.


DATED:  May 5, 2026                              _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                 United States District Judge